UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

MICHAEL JOSEPH GUARINO, III,

                    Plaintiff,
          -vs-                          **No. 1:14-CV-00598 (MAT)**
                                        **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

─────────────────────────────

## I.  Introduction

Represented by counsel, Michael Joseph Guarino, III ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## II. Procedural History

The record reveals that in November May 2011, plaintiff (d/o/b February 6, 1958) applied for DIB, alleging disability as of December 2006. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Curtis Axelsen ("the ALJ") on February 13, 2013. The ALJ issued an

unfavorable decision on February 28, 2013. The Appeals Council denied review of that decision and this timely action followed.

## III. **The ALJ's Decision**

Initially, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2010. At step one of the five-step sequential evaluation, see 20 C.F.R. § 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since December 13, 2006, the alleged onset date. At step two, the ALJ found that plaintiff suffered from right shoulder degenerative joint disease status post two right shoulder surgeries, impairments which the ALJ considered severe. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he could not reach overhead or perform repetitive tasks with the right arm. At step four, the ALJ found that plaintiff could not perform past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy which plaintiff could perform. Accordingly, he found that plaintiff was not disabled.

## IV.   Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

### A.   RFC Finding; Development of the Record

Plaintiff contends that the ALJ erred in determining plaintiff's RFC without the benefit of any medical source statement regarding plaintiff's work-related limitations. The Court agrees. As the ALJ acknowledged in his decision, "the record does not contain any opinions from treating or examining physicians indicating that [plaintiff] is disabled[.]" T. 18. In fact, the record contained no opinions from treating or examining sources, whatsoever, as to the effect of plaintiff's medically determinable impairments on his ability to work.

The only medical source opinion evidence in the record is a psychiatric review technique ("PRT"), completed by a non-examining, reviewing state agency psychiatrist Dr. J. Echevarria, which concluded that there was "insufficient evidence for [the relevant time] period to make a disability determination." T. 214. The PRT was completed in January 2012. However, the record indicates that

3

at least two significant records relating to plaintiff's mental
health treatment, which included notes from hospitalizations
spanning a week in July 2009 and almost a month in February-March
2010, were not received by the Administration until June 2012. Both
of those hospitalizations related, in part, to treatment for mental
health impairments. Thus, it is apparent from the record that
Dr. Echevarria did not have plaintiff's full medical record
available for review.

The regulations provide that although a claimant is generally
responsible for providing evidence upon which to base an RFC
assessment, before the Administration makes a disability
determination, the ALJ is "responsible for developing [the
claimant's] complete medical history, *including arranging for a
consultative examination(s) if necessary*, and making every
reasonable effort to help [the claimant] get medical reports from
[the claimant's] own medical sources." 20 C.F.R. § 404.1545
(emphasis added) (citing 20 C.F.R. §§ 404.1512(d) through (f)).
Although the RFC determination is an issue reserved for the
commissioner, "an ALJ is not qualified to assess a claimant's RFC
on the basis of bare medical findings, and as a result *an ALJ's
determination of RFC without a medical advisor's assessment is not
supported by substantial evidence*." Dailey v. Astrue, 2010 WL
4703599, *11 (W.D.N.Y. Oct. 26, 2010) (emphasis added) (quoting
Deskin v. Comm'r of Soc. Sec., 605 F. Supp. 2d 908, 912 (N.D. Ohio
2008)).

Here, the ALJ had no medical source opinions on which to rely in formulating his RFC finding. As such, his RFC determination constituted an impermissible interpretation of bare medical findings. See Cyman v. Colvin, 2015 WL 5254275, *7 (W.D.N.Y. Sept. 9, 2015) (remanding where ALJ came to RFC determination without the benefit of any medical source statement as to both mental and physical impairments); Hernandez v. Comm'r of Soc. Sec., 2015 WL 275819, *2 (N.D.N.Y. Jan. 22, 2015) (remanding for ALJ to obtain opinion of treating physician or other medical source) (citing McBrayer v. Sec'y of Health and Human Servs., 712 F.2d 795, 799 (2d Cir. 1983)); Gross v. Astrue, 2014 WL 1806779, *18 (W.D.N.Y. May 7, 2014) (remanding where the ALJ determined a claimant's RFC "primarily . . . through her own interpretation of various MRIs and x-ray reports contained in the treatment records"); Dailey, 2010 WL 4703599, at *11; Haskins v. Astrue, 2010 WL 3338742, *5 (N.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 WL 3338748 (N.D.N.Y. Aug.23, 2010) (remanding where "[t]he ALJ failed to re-contact Plaintiff's treating physicians, failed to obtain an SSA consultative examination, and failed to request the opinion of a medical expert").

This case is therefore remanded for proper consideration of plaintiff's RFC in accordance with the regulations. On remand, the ALJ is directed to contact plaintiff's treating sources for opinions as to plaintiff's mental and physical functional limitations during the relevant time frame (December 13, 2006 [the

alleged onset date] through December 31, 2010 [the date last insured]), and to order consulting opinions as necessary. The Court notes that "[t]he RFC assessment must first identify [plaintiff's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Soc. Sec. Ruling ("SSR") 96-8p (July 2, 1996).

Having found remand necessary on this ground, the Court declines to address plaintiff's argument challenging the ALJ's application of the grids. Because the record on remand will "necessarily be altered" upon its further development, see Crowley v. Colvin, 2014 WL 4631888, *5 (S.D.N.Y. Sept. 15, 2014), the ALJ's analysis of the substantial evidence of record will be altered as well. Upon redetermination of plaintiff's RFC, the ALJ should reevaluate whether vocational expert testimony may be necessary in order to properly determine plaintiff's ability to perform jobs existing in the national economy.

**B.   Step Two Finding**

Plaintiff contends that the ALJ erred in failing to find his diagnosis of depression to be a severe impairment. An impairment is considered "severe" under the regulations if it "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c). Specifically with regard

to mental impairments, a "special technique" applies at step two requiring the ALJ to consider whether the plaintiff has a medically determinable impairment, and if so, to rate the degree of functional limitation associated with that impairment in terms of the four domains of functioning (activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation).

The ALJ in this case considered evidence of a hospitalization in which plaintiff was admitted from November 14-21, 2007. The record reflects that plaintiff was admitted involuntarily on that occasion for depression, after expressing suicidal ideation to his marriage counselor. After this hospitalization, according to the ALJ's summarization of plaintiff's testimony, "plaintiff saw his primary care physician for depression, who recommended a psychiatrist, but [plaintiff] did not think he needed a psychiatrist and did not follow-up." T. 14. The ALJ then found that plaintiff's depression was not severe, stating simply that plaintiff's "depressive disorder did not last the required 12 months," and "[t]herefore, it [was] not severe." Id. The ALJ also noted that, in January 2012, the reviewing state agency psychiatrist found that there was insufficient evidence upon which to base a disability determination.

The ALJ's step two analysis of plaintiff's depression was erroneous because it failed to fully consider plaintiff's complete medical history. First, as noted above, the ALJ's reliance on

Dr. Echevarria's PRT was misplaced, since the record establishes that Dr. Echevarria did not have all of plaintiff's medical records available for review. Second, the record reveals that plaintiff was hospitalized more than once in relation to mental health symptoms. In fact, he was hospitalized again for a week in July 2009, and then for almost a month from February 14, 2010 through March 5, 2010. Both of those subsequent hospitalizations involved psychiatric treatment and diagnoses. However, the ALJ did not consider plaintiff's two subsequent hospitalizations in relation to plaintiff's mental health treatment, but instead characterized these hospitalizations as involving treatment for alcoholism alone, and found that the "objective record [did] not establish significant limitations resulting from [plaintiff's] alcoholism." T. 15.

Records reflect that plaintiff's July 2009 hospitalization was associated with alcoholism, depression, electrolyte imbalance, and pancreatitis likely due to alcohol abuse. His family reported that he had been behaving as though he was hallucinating, and plaintiff stated that he had been taking prescription medication which had been prescribed by a veterinarian for his dog, in order to "help him sleep." T. 246. During his hospitalization, plaintiff was diagnosed with alcohol abuse and depressive disorder, and his insight and judgment were noted to be poor.

Notes of plaintiff's February-March 2010 hospitalization indicate that he was admitted for alcohol withdrawal associated

with abuse, delerium tremens, pancreatitis, and depression. During his admission, he was given four mental health examinations ("MSEs"), all of which indicated various abnormalities. Plaintiff's status on MSE improved over the course of his stay; however, his final GAF score, on March 2, 2010, was 50, indicating serious symptoms. See American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* ("DSM-IV"), at 34 (4th ed. rev. 2000).

As is apparent from the Court's review, the record contains significant evidence relating to plaintiff's mental health impairment which was not considered by the ALJ at step two. This evidence indicates that plaintiff's depression may have lasted the requisite time period, contrary to the ALJ's finding. Moreover, the ALJ's step two error is particularly significant because the ALJ's decision reflects no application of the "special technique" required by the regulations. See Ornelas-Sanchez v. Colvin, 2016 WL 374042, *1 (2d Cir. Feb. 1, 2016) ("It is mandatory that the ALJ's written decision reflect application of the technique [described in 20 C.F.R. § 404.1520a]; the decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.") (internal quotation marks omitted).

On remand, the ALJ is directed to apply the special technique to his step two analysis of plaintiff's mental health impairments during the relevant time period. Additionally, as with any case

containing significant evidence of alcoholism, the ALJ must also consider at step two the severity of that condition. If that impairment is determined to have been severe for the relevant time period, the ALJ must proceed to consider whether the condition was "a contributing factor material to the determination of disability" in accordance with the requirements of 20 C.F.R. § 404.1535.

## V.   Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 11) is denied and plaintiff's motion (Doc. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.   The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    February 22, 2016
          Rochester, New York.